# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN L. UPSHER,<br><br>        Petitioner,<br>v.<br><br>MATTHEW CATE, Secretary,<br><br>        Respondent. | Civil No. 08cv2355 H (NLS)<br><br>**REPORT AND RECOMMENDATION FOR ORDER DENYING MOTION TO DISMISS**<br><br>[Doc. No. 9] |

Steven Upsher (Petitioner), a state prisoner proceeding pro se, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his San Diego County Superior Court conviction on constitutional grounds (Petition). Respondent filed a motion to dismiss the Petition. He argues that one portion of ground one fails to state a federal question and that ground two is unexhausted. Respondent asks the court to dismiss the Petition as a mixed petition. Petitioner filed an opposition, asking the court to excuse the unexhausted claim and stay the proceedings while he exhausts the claim.

The Court has reviewed the record, and for the following reasons, **RECOMMENDS** that the district judge **DENY** the motion to dismiss.

## BACKGROUND

**1.    State Court Appeal and Habeas Petition.**

Petitioner was convicted of dissuading a witness while having previously been convicted of dissuading a witness (Cal. Pen. Code § 136.1(c)(1)); attempting to dissuade a witness from reporting a crime (Cal. Pen. Code § 136.1(b)(1)); and battery upon a person with whom he was in a former or

current dating relationship (Cal. Pen. Code § 243(e)(1)). Lodgment 13 at 62-64. He is serving a nine year sentence in Respondent's custody. Lodgment 13 at 123-126.

Petitioner filed a direct appeal of the conviction. In the appeal he claimed: (1) Cal. Pen. Code § 136.1(c)(3) is a sentencing enhancement and not a separate crime; (2) insufficient evidence supported his conviction for battery against a significant other; and (3) ineffective assistance of counsel for not moving for a judgment of acquittal on the domestic battery charge. Lodgment 1.

Next, Petitioner filed a habeas petition with the court of appeal, where he claimed: (1) ineffective assistance of counsel under the state and federal constitutions due to counsel's failure to recognize Petitioner's prior conviction was a sentencing factor and not an element of the substantive offense under Cal. Pen. Code § 136.1; and (2) ineffective assistance of counsel under the federal constitution due to counsel eliciting inculpatory evidence and failing to move for an acquittal on the domestic battery charge. Lodgment 4. The court of appeal consolidated the state habeas petition with the direct appeal. Lodgment 5. The appellate court affirmed in part and reversed in part the judgment and denied the petition. Lodgment 6. It then denied the petition for rehearing. Lodgment 9.

Petitioner filed a petition for review with the California Supreme Court. He claimed (1) ineffective assistance of counsel under the state and federal constitutions due to counsel's failure to recognize Petitioner's prior conviction was a sentencing factor and not an element of the substantive offense under Cal. Pen. Code § 136.1; (2) Cal. Pen. Code § 136.1 is a greater offense only in the sense that all the elements necessary for punishment cannot be true unless all elements of 136.1 (a) or 136.1(b) have been found true, and the factors of 136.1(c) are sentencing factors and not elements; and (3) the court should determine the conflict regarding whether a subdivision within a statute that serves to increase punishment based on recidivism of the same offense is a sentencing provision or an element of a separate offense. Lodgments 10, 11. The California Supreme Court summarily denied the petition for review. Lodgment 12.

Petitioner was represented by counsel for all the filings he submitted to the state courts.

**2.     Federal Habeas Petition.**

In support of this Petition, Petitioner filed the same memorandum of points and authorities that he filed as part of his habeas petition to the state court of appeal. Here, Petitioner claims: (1) ineffective

assistance of counsel under the state and federal constitutions due to counsel's failure to recognize Petitioner's prior conviction was a sentencing factor and not an element of the substantive offense under Cal. Pen. Code § 136.1; and (2) ineffective assistance of counsel under the federal constitution due to counsel eliciting inculpatory evidence and failing to move for an acquittal as to the domestic battery charge. [Doc. No. 1.]

The court sent Petitioner a "Notice Regarding Possible Failure to Exhaust and One-Year Statute of Limitations." [Doc. No. 4.] The court informed Petitioner of his options should his Petition contain unexhausted claims.

## DISCUSSION

### 1. Request to Dismiss Part of Claim 1.

Respondent moves to dismiss the first ground of claim 1 because it fails to state a federal question. In support of Claim 1, Petitioner cites to the memorandum of points and authorities filed in support of his state habeas petition. Heading I of that memorandum, which states Petitioner's first claim, reads:

> The fact of a prior conviction serves to increase punishment, and, hence, is a sentencing provision rather than a substantive element of any Penal Code section 136.1 offense. Trial counsel's failure to recognize the distinction and make appropriate motions was ineffective assistance of counsel and prejudicial.

Pet'n, Mem. Ps&As, p.6. Heading I contains two subsections, A. "Section 136.1," and B. "Ineffective Assistance of Counsel." In subsection A, Petitioner offers his explanation of Penal Code section 136.1. *Id.*, pp.6-9. He does not state any claim for relief at the end of subsection A. In subsection B, Petitioner argues that his trial counsel's failure to properly understand section 136.1 and the tactical decisions based on that misunderstanding led to the ineffective assistance of counsel. *Id.*, pp. 9-15. At the end of subsection B, Petitioner states, "For all of the foregoing reasons, trial counsel was ineffective, petitioner has established a prima facie case, and an order to show cause should issue." *Id.*, p.15.

Respondent moves to dismiss the first section of Claim 1 because it does not present a federal constitutional claim. Respondent interprets Claim 1 in this Petition to actually be two claims for relief. Respondent believes that in the first ground of Claim 1 "Petitioner argues that the fact of a prior conviction serves to increase punishment, and is therefore a sentencing provision rather than a

substantive element of a California Penal Code section 136.1 offense." Mot. to Dismiss, p.6. Consequently, Respondent argues that resolution of Claim 1 "involves the interpretation of California statutes and does not present a federal constitutional claim." *Id.* Respondent then contends that in the second ground for Claim 1, Petitioner states a claim for ineffective assistance of trial counsel.

This court does not view Claim 1 in the Petition as alleging two separate grounds for relief. Instead, this court finds that in Claim 1, Petitioner states a single claim for ineffective assistance of counsel based on trial counsel's alleged failure to recognize that the prior offense served as a sentencing provision rather than a substantive element of any Penal Code section 136.1 offense. The alleged mischaracterization of the prior conviction serves as a factual backdrop to Petitioner's ineffective assistance of counsel claim, not as a separate claim on its own. While Petitioner did seek relief regarding Pen. Code § 136.1 in state court filings, he does not seek that relief here. Therefore, because this court finds that Petitioner states a single claim for ineffective assistance of counsel in Claim 1 of the Petition, the Court **RECOMMENDS** that the district judge **DENY** Petitioner's motion to dismiss the purported first ground of Claim 1 in the Petition.

### 2. **Exhaustion of Claim 2.**

Before filing a federal habeas petition, a prisoner in state custody pursuant to a state court judgment must first exhaust state judicial remedies through either a direct appeal or collateral proceedings. *See* 28 U.S.C. § 2254(b),(c). The prisoner must provide the highest state court available with a fair opportunity to rule on the merits of each and every issue he or she seeks to raise in federal court. *See Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). The petitioner has the burden of pleading exhaustion in the habeas petition. *See Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981) (citations omitted).

#### A. **The Claim Was Not Properly Presented to the Highest State Court.**

To fairly present the legal basis of the claim, a petitioner must alert the state courts that he is asserting a federal claim. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam); *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), as modified by 247 F.3d 904 (9th Cir. 2001). In this circuit, a petitioner must make the federal basis of the claim explicit either by referencing specific provisions of the federal constitution or statutes, or citing to federal case law. *See Lyons*, 232 F.3d at

668, 670.  Mere similarity of claims between a state law claim and a federal law claim is insufficient for exhaustion purposes.  *See Henry*, 513 U.S. at 366; *see also Johnson v. Zenon*, 88 F.3d 828, 830 (9th Cir. 1996) (rejecting former Ninth Circuit standard that allowed petitioner to exhaust federal claim by raising essentially the same claim in state court).  The required level of explicitness is the same for pro se petitioners and petitioners represented by counsel.  *See Lyons*, 232 F.3d at 667.

If a petitioner files a mixed habeas petition, a court must dismiss the entire petition without reaching the merits of any of its claims.  *Rose v. Lundy*, 455 U.S. 509, 522 (1982); *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988).  Dismissal is to be with leave to amend to delete the unexhausted claims; if they are deleted, the court can then consider the remaining claims.  *Rose*, 455 U.S. at 520; *see Anthony v. Cambra*, 236 F.3d 568, 574 (9th Cir. 2000).  In addition, a court may: (1) deny the petition even if it is partly or entirely unexhausted if it fails to raise even a colorable federal claim; or (2) stay a mixed petition to allow the petitioner to return to state court to exhaust the unexhausted issue or issues.  28 U.S.C. § 2254(b)(2); *Rhines v. Weber*, 544 U.S. 269, 277-278 (2005).  Because a stay and abeyance has the potential to frustrate AEDPA's dual purposes of encouraging finality of state court judgments and creating incentives for petitioners to seek relief in state court first, the Supreme Court also stated that the "stay and abeyance should be available only in limited circumstances."  *Id.* at 275-276.

Here, Petitioner presented Claim 2 from this Petition--for ineffective assistance of counsel regarding the domestic battery charge--to the California court of appeal in his state habeas petition.  Lodgment 4.  After the appellate court denied that petition, Petitioner filed--through his attorney--a petition for review with the California Supreme Court.  In the three claims presented to the California Supreme Court, Petitioner did not claim ineffective assistance of counsel as to the battery count.  *See* Lodgments 10, 11.  Therefore, Petitioner has not presented Claim 2 from the Petition to the highest state court available.  Consequently, Respondent argues that the Court should dismiss the Petition as a mixed petition containing both exhausted and unexhausted claims.

### B. Claim 2 Is Technically Exhausted.

In opposition to this motion, Petitioner filed a "Petitioner Request for Opportunity to Abandon His Sole Unexhausted Claim as Alternative to Dismissal of His Habeas Petition Equitably Tolled Period for Filing Second Federal Habeas Petition." [Doc. No. 10.]  In the pleading Petitioner requests "a stay of

the current proceedings in order to allow Petitioner to exhaust this claim." Respondent argues the court should not stay the Petition because the court had already informed Petitioner that he needed to fulfill the exhaustion requirement and present each claim to the California Supreme Court, and Petitioner failed to do so. Respondent further argues that Petitioner has an available judicial remedy because he can bring an original habeas petition in the California Supreme Court.

A federal court may inquire into whether state remedies remain available for claims presented in a federal habeas petition. *See Harris v. Reed*, 489 U.S. 255, 268-271 (1989) (O'Connor, J., concurring) (stating district courts have an obligation to determine if state court remedies remain available). The exhaustion requirement may be satisfied notwithstanding a failure to present a claim to the state supreme court, "if it is clear that (the habeas petitioner's) claims are now procedurally barred under (state) law." *Gray v. Netherland*, 518 U.S. 152, 16-62 (1996), quoting *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Engle v. Isaac*, 456 U.S. 107, 125-26 n.28 (1982) (noting that the exhaustion requirement applies "only to remedies still available at the time of the federal petition."); *Valerio v. Crawford*, 306 F.3d 742, 770 (9th Cir. 2002) (a procedurally barred claim satisfies exhaustion requirement), citing *Phillips v. Woodford*, 267 F.3d 966, 974 (9th Cir. 2001) ("the district court correctly concluded that [the] claims were nonetheless exhausted because 'a return to state court for exhaustion would be futile.'").

"A habeas petitioner who has defaulted his federal claims in state court meets the *technical* requirements for exhaustion; there are no state remedies any longer 'available' to him." *Cassett v. Stewart*, 406 F.3d 614, 621 n.5 (9th Cir. 2005), quoting *Coleman v. Thompson*, 501 U.S. 722, 732 (1991); *see* 28 U.S.C.A. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.")

The California state courts will not consider either successive petitions or delayed petitions without a showing of good cause: "Before considering the merits of a second or successive petition, a California court will first ask whether the failure to present the claims underlying the new petition in a prior petition has been adequately explained, and whether that explanation justifies the piecemeal presentation of the petitioner's claims." *In re Clark*, 5 Cal.4th 750, 774, rehearing denied (1993). "With

the exception of petitions which allege facts demonstrating that a fundamental miscarriage of justice has occurred . . . unjustified successive petitions will not be entertained on their merits. *Id.* Similarly, an unexplained delay in filing a habeas petition would require the state court to reject the petition. *See e.g. People v. Amsbary*, 51 Cal.App.3d 75, 79 (1975) ("a petition for habeas corpus must be rejected where there is an unreasonable unexplained delay in filing it."); *Evans v. Chavis*, 546 U.S. 189, 199-200 (time periods of 30 to 60 days between filings is reasonable); *Culver v. Director of Corrections*, 450 F. Supp.2d 1137, 1140-41 (C.D. Cal 2006) (finding unexplained and unjustified delays of 71 and 97 days unreasonable under California law).

Here, Petitioner, through counsel, filed a direct appeal and a habeas petition with the state court of appeal. Petitioner raised Claim 2 from this Petition in his state habeas petition. The court of appeal consolidated the direct appeal with the habeas petition, and denied the petition. Then, through counsel again, Petitioner filed a petition for review with the California Supreme Court. In that petition he included Claim 1 but abandoned Claim 2. The California Supreme Court denied the petition for review on January 16, 2008. If Petitioner were to now bring a new petition to the state supreme court, the delay would be at least eighteen months. Applying California law, the state courts would find this delay unreasonable and would reject the petition on procedural grounds.[1]

Respondent argues that the state court should be given an opportunity to determine whether the claim should be addressed on the merits or whether it should be procedurally barred. But given Petitioner's abandonment of Claim 2 at the California Supreme Court, and the minimum eighteen month delay before he could attempt to even file a new habeas petition with that court, Claim 2 would be procedurally barred. This court concludes that Petitioner no longer has an available remedy regarding Claim 2 in state court. Claim 2 is technically exhausted, as a return to state court would be futile. Because the claim is technically exhausted, the Petition is not mixed and dismissal of the entire Petition is unwarranted. Accordingly, this court **RECOMMENDS** that the motion to dismiss based on grounds that this is a mixed petition be **DENIED**. This denial should be without prejudice to Respondent raising

---

[1] To proceed on a procedurally defaulted claim, a petitioner must show good cause for his failure to properly present his claim to the state supreme court, and prejudice as a result of this court's imposition of a procedural default, or show that a fundamental miscarriage of justice would result if habeas relief was denied as a result of the default. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

the defense of procedural default as to Claim 2.

## CONCLUSION

For all of the above reasons, this Court **RECOMMENDS** that Respondent's motion to dismiss the Petition be **DENIED,** that Petitioner's request to stay be **DENIED**, and that Respondent be **ORDERED** to file an answer to the Petition.

This Report & Recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1).

**IT IS ORDERED** that no later than ***June 22, 2009***, any party to this action may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."   The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than ***July 6, 2009***. The parties are advised that failure to file objections with the specified time may waive the right to raise those objections on appeal of the Court's order. *Martinez v. Ylst*, 951 F2d 1153 (9th Cir. 1991).

DATED:  June 10, 2009

/s/ Nita L. Stormes
Hon. Nita L. Stormes
U.S. Magistrate Judge