# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN L UPSHER, Jr.,<br><br>　　　　　　　Petitioner,<br>　vs.<br><br>MATTHEW CATE, Secretary,<br><br>　　　　　　　Respondent. | CASE NO. 08-CV-02355-H (NLS)<br><br>**ORDER:**<br><br>**DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

On December 18, 2008, Steven L. Upsher, Jr. ("Petitioner"), a state prisoner proceeding *pro se* and *in forma pauperis*, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. (Doc. No. 1.) Petitioner challenges his convictions alleging constitutionally ineffective trial counsel. (Id.) On March 24, 2009, Matthew Cate ("Respondent") moved to dismiss the Petition for failure to state a claim and for failure to exhaust the claims in state courts. (Doc. No. 9.) On July 15, 2009 the Court denied Respondent's motion to dismiss. (Doc. No. 12.) On October 7, 2009 Respondent filed an answer to the Petition. (Doc. No. 16.) On October 28, 2009 Petitioner filed a traverse. (Doc. No. 18.) On February 16, 2010, the magistrate judge issued a Report and Recommendation ("R&R") that the Court deny the Petition. (Doc. No. 19.) On March 8, 2010, Petitioner filed an objection to the R&R. (Doc. No. 20.)

The Court, pursuant to its discretion under Local Rule 7.1(d)(1), determines this matter is appropriate for resolution without oral argument and submits the matter on the papers. After

due consideration, the Court ADOPTS the R&R and DENIES the Petition.

## **Background**

### I.  Procedural History

On May 3, 2006, a jury convicted Petitioner of dissuading a witness while having previously been convicted of dissuading a witness under Cal. Penal Code § 136.1(c)(1); attempting to dissuade a witness from reporting a crime under Cal. Penal Code § 136.1(b)(1); and battery upon a person with whom he was in a former or current dating relationship under Cal. Penal Code § 243(e)(1). (Lodgment 13 at 62-64.) Petitioner received a nine year sentence for the convictions. (Lodgment 13 at 123-26.)

Petitioner directly appealed his convictions to the California Court of Appeal. (Lodgment 1.) Petitioner also filed a writ of habeas corpus in the California Court of Appeal. (Lodgment 4.) The appellate court consolidated the state habeas petition with the direct appeal. (Lodgment 5.) The California Court of Appeal affirmed in part and reversed in part the judgment and denied the habeas petition. (Lodgment 6.) Specifically, the appellate court reversed Petitioner's conviction on count 2 for violation of Cal. Penal Code § 136.1(b)(1) and directed the trial court to strike the stayed term imposed for that conviction. (Id. at 11.) The California Court of Appeal also denied a petition for rehearing. (Lodgment 9.)

Petitioner next filed a petition for review in the California Supreme Court claiming (1) ineffective assistance of counsel; (2) Cal Penal Code § 136.1(c)(1) lists sentencing factors and not elements of a substantive offense; and (3) that the California Supreme Court should determine whether increased punishment based on the recidivism of the offense in Cal. Penal Code § 136.1 (c)(1) is a sentencing provision or an element of a separate offense. (Lodgments 10, 11.) The California Supreme Court denied the petition for review without comment or citation. (Lodgment 12.)

Petitioner then filed this Petition claiming (1) ineffective assistance of counsel under state and federal constitutions when his counsel failed to recognize Petitioner's prior conviction as sentencing factors and not as elements of the substantive offense under Cal. Penal Code § 136.1(c)(1); and (2) ineffective assistance of counsel under the Federal

Constitution when his attorney elicited inculpatory evidence and failed to move for an acquittal on the battery charge. (Doc. No. 1.)

Respondent asks this Court to deny Claim 1 on the merits and to determine that Claim 2 is procedurally barred, or alternatively, to deny that claim on the merits.

## II.     Factual Background

Federal habeas courts presume the correctness of a state court's determination of factual issues unless Petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1) (2006); see Pollard v. Galaza, 290 F.3d 1030, 1035 (9th Cir. 2002). The parties do not challenge the accuracy of the California Court of Appeal's summary of the underlying facts adduced at trial. The court of appeal summarized the underlying facts as follows:

> In the early morning of November 6, 2005, Cruz Alfaro was at an AM/PM market on Oceanside Boulevard on his way home from his job as a security officer, when he heard screaming coming from a house across the street. Alfaro saw a woman, Natasha Teague, running quickly from the house in his direction screaming for help, with Upsher chasing after her. Alfaro watched as Teague fell on the ground in the middle of the street; when Upsher pulled her hair he screamed at Upsher to let her go. Teague got up and started running towards Alfaro. Upsher came after Alfaro, who had called 911, and began to scream at him, saying, "You want to be a hero, mother fucker? You're going to die." Upsher proceeded to chase Alfaro around his security vehicle telling him to hang up the phone because he was known by the FBI and the Oceanside Police Department. At some point, Upsher told Alfaro to mind his own business, saying, "It's none of your fucking business what I do to my girl." After Alfaro abandoned his call to 911, Upsher returned to the house and got into a car. Alfaro told Teague to get into the store. Upsher drove the car behind Alfaro's security vehicle and began to chase Alfaro's work partner, Alonso Resarias. Eventually, Upsher gave up chasing the men and left in his car.
>
> Oceanside Police Officer Michael Kos responded to a call about the incident at approximately 4:30 a.m., and shortly afterwards arrived at the AM/PM, where he contacted Teague and eventually Alfaro and Upsher. Officer Kos already knew Upsher and that he lived at 656 Crouch Street, nearby the AM/PM market. Teague was visibly upset and appeared to have been crying, and she was holding a paper towel to her mouth, which was still bleeding. As Officer Kos was speaking to Teague, Upsher pulled up in his car and parked it in front of the AM/PM. Noticing his vehicle, Teague became very scared and immediately stood up and turned to leave toward Crouch Street. When Officer

Kos told her to sit back down, she responded, "No, I don't want to get shot." Upsher exited his car and approached Teague and Officer Kos, who told him to sit down on the curb. After Alfaro identified Upsher to Officer Kos as the man chasing Teague, the officer arrested Upsher and placed him in the rear of his police car. As Upsher entered the car, he called out to Teague, "You're going to do me like this, Tecia." Teague did not testify at trial.

The parties stipulated that Upsher had previously been convicted of dissuading a witness, the same offense charged in the present case, and the trial court took judicial notice of certified copies of documents showing the prior conviction (People v. Upsher (Super. Ct. San Diego County, 1990, No. CRN18488)).

Upsher testified in his own defense. He admitted he had been previously convicted of offenses in 1990, 1989 and 1993: respectively, dissuading a witness in violation of section 136.1, subdivision (c)(1); assault by means likely to produce great bodily injury under section 245, subdivision (a)(1), and a federal offense for distributing cocaine base. Upsher recounted the events that morning; he was at home with Teague and Rochelle Ira, referring to Teague as "a lady friend of mine." According to Upsher, he, Teague and Ira had been up drinking all night, and the women remained awake drinking after he had gone to sleep at about 2:00 a.m. Upsher testified that the altercation between him and Teague on the morning at issue began when he refused to let her and Ira drive after they had been drinking. Screaming and arguing occurred between Upsher and Teague for three or four minutes until Teague left the house. Upsher explained he left his house following Teague because she had car keys, and he walked into the middle of the street trying to talk her into giving him the keys, but she was screaming, hollering and crying. He was picking her up when Alfaro saw them and began yelling at them. According to Upsher, he told Alfaro, "Mind your own business. I'm trying to stop them from drinking and driving."

Upsher testified that when he saw Alfaro with his cell phone and heard him threaten to call 911, he tried to get back across the street: "So I'm trying to really get back across the street to my spot here. When I'm looking at these two grown men here, there's no way I'm trying to - try to charge at you all to try to fight with you, two grown men. I'm not concerned about you. I'm concerned about my girl right here trying to drive, trying killing herself [sic] or killing someone else. I'm concerned about getting back to my spot because my door is wide open, 4:30 in the morning."

Upsher testified that he returned to his house to put a shirt on, then got in his car to go looking for Teague. He went around the corner and pulled back into the AM/PM when he saw the police car. He explained that he pulled up because he knew he did not do anything wrong.

(Lodgment 6 at 3-6.)

///

**Discussion**

**I. Scope of Review and Applicable Legal Standard.**

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party objects to any portion of a magistrate judge's report, the district court "shall make a de novo determination of those portions of the report . . . to which objection is made." Id. The district court must make a de novo review of all conclusions of law, even if no objection is made. Avratin v. Bermudez, 420 F. Supp.2d 1121, 1122-23 (S.D. Cal. 2006) (citing Barilla v. Irvin, 886 F.2d 1514, 1518 (9th Cir. 1989), overruled on other grounds). The Petitioner filed an objection, but made no specific objections to any portion of the R&R. (Doc. No. 20.) Thus, the Court will review all conclusions of law de novo.

A federal court will not grant habeas relief with respect to any claim adjudicated on the merits in state court unless the state court's decision was either (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. See 28 U.S.C. § 2254(d); Early v. Packer, 537 U.S. 3, 7-8 (2002) Mendez v. Knowles, 556 F.3d 757, 767 (9th Cir. 2009).

State court rulings receive high deference and are thus given the benefit of the doubt. See Womack v. Del Papa, 497 F.3d 998, 1001 (9th Cir. 2007). A federal court may grant habeas relief where the state court (1) decides a case "contrary to" federal law by applying a rule different from the governing law set forth in Supreme Court cases; or (2) decides a case differently than the Supreme Court on a set of materially indistinguishable facts. Bell v. Cone, 535 U.S. 685, 694 (2002). A federal court may also grant habeas relief where a state court's decision is an "unreasonable application" of federal law such as where the state court correctly identifies the governing legal principle from Supreme Court decisions but unreasonably applies the principle to the facts at issue. Id. "Unreasonable application" must be objectively unreasonable to the extent that the state court decision is more than merely incorrect or erroneous. See Lockyer v. Andrade, 538 U.S. 63, 75 (2003).

Federal habeas courts look to the state court's last reasoned decision to decide whether the state court's decision was contrary to or an unreasonable application of federal law. See Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002). The state court's factual determinations are presumed to be correct and Petitioner has the burden of rebutting this presumption by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1); Summer v. Mata, 449 U.S. 539, 545-47 (1981). Here, the California Court of Appeal opinion is the last reasoned state court decision.

**II.    Ineffective Assistance of Trial Counsel Based on Counsel's Interpretation of § 136.1.**

Petitioner asserts relief under § 2254(d)(1) because he alleges the state court's decision was contrary to or an unreasonable application of federal ineffective assistance of counsel law. (Doc. No. 1-1 at 3.) Petitioner contends that his trial counsel misunderstood section 136.1 and the tactical decisions based on that misunderstanding led to the ineffective assistance of counsel.[1] (Id. at 7-13.) Respondent argues that the California Court of Appeals decision was neither contrary to, nor an unreasonable application of Supreme Court Authority and did not involve an unreasonable determination of the facts. (Doc. No. 16-1 at 9-12.)

To state a claim for ineffective assistance of counsel, Petitioner must demonstrate (1) trial counsel's performance fell below an objective standard of reasonableness, and (2) trial counsel's deficient performance prejudiced Petitioner. See Yarborough v. Gentry, 540 U.S. 1, 5 (2003); Strickland v. Washington, 466 U.S. 668, 687 (1984). To show deficient performance, Petitioner must demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. In assessing counsel's performance, the court employs a strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment. See

---

[1] California Penal Code section 136.1 provides, in pertinent part:
(b) [E]very person who attempts to prevent of dissuade another person who has been the victim of a crime or who is a witness to a crime from doing any of the following is guilty of a public offense and shall be punished by imprisonment in a county jail for not more than one year.
(c) Every person doing any of the acts described in subdivision (a) or (b) knowingly or maliciously under any one or more of the following circumstances, is guilty of a felony punishable by imprisonment in the state prison for two, three, or four years...(3) where the act is committed by any person who has been convicted of any violation of this section, any predecessor law hereto or any federal statute or statute of any other state which, if the act prosecuted was committed in this state, would be a violation of this section.

1  Yarborough, 540 U.S. at 5; Strickland, 466 U.S. at 690. The court's review of counsel's
2  performance is "doubly deferential when it is conducted through the lens of federal habeas."
3  Yarborough, 540 U.S. at 5.

4  Here, Petitioner claims that his trial counsel failed to recognize that his prior offense
5  constituted a sentencing provision and not a substantive element of any Penal Code section
6  136.1 offense. (Doc. No. 1-1 at 7.) Petitioner argues that trial counsel's alleged error resulted
7  in deficient performance because counsel stipulated to the offense being presented to the jury
8  without sanitizing it to eliminate reference to the nature of the prior offense. (Id. at 9-12.)
9  Petitioner claims counsel's error was inherently prejudicial because it was evidence of other
10 criminal conduct. (Id. at 11-12.)

11 The California Court of Appeal examined Petitioner's claim and concluded that
12 Petitioner failed to demonstrate that his counsel had no tactical purpose for the omissions, and
13 found that trial counsel had potential reasonable tactical grounds for his actions. (Lodgment
14 6 at 20-25.) The California Court of Appeal rejected Petitioner's unsupported contention that
15 the recidivist aspect of section 136.1(c)(3) is a sentencing factor as opposed to an element of
16 the offense. (Lodgment 6 at 21.) The court also noted that "unlike section 666, section 136.1,
17 subdivision (c) is not contained in the sentencing and punishment part of the Penal Code, and
18 it is structured to require proof of an element additional to those specified in subdivisions (a)
19 and (b)." (Lodgment 6 at 21-22.) The California Court of Appeal concluded that based on the
20 strong presumption that counsel's conduct falls within the wide range of reasonable personal
21 assistance noted in Strickland and the unsettled state of the law regarding the nature of section
22 136.1(c)(3), Petitioner's trial counsel did not render constitutionally ineffective counsel by
23 treating Petitioner's prior conviction as an element of the offense, and failing to either move
24 to bifurcate or sanitize the offense. (Lodgment 6 at 23.)

25 The California Court of Appeal also concluded that Petitioner failed to show prejudice
26 caused by the alleged deficiency. (Lodgment 6 at 24.) In order to demonstrate prejudice,
27 Petitioner needs to show a reasonable probability that the result of the proceeding would have
28 been different absent the errors. See Williams v. Taylor, 529 U.S. 362, 406 (2000); Strickland,

466 U.S. at 694. The court considers the prejudice inquiry in light of the strength of the prosecution's case. Luna v. Cambra, 306 F. 3d 954, 966 (9th Cir.), amended, 311 F.3d 928 (9th Cir. 2002). The court of appeal noted that the prosecution presented substantial evidence regarding the knowing and willful witness dissuasion and the battery on a significant other. (Lodgment 6 at 24.) The California Court of Appeal concluded that any alleged error of the admission of the prior conviction was harmless. (Lodgment 6 at 24.)

Accordingly, the Court concludes that the California Court of Appeal's conclusion that Petitioner failed to demonstrate ineffective assistance of counsel due to trial counsel's alleged misunderstanding of section 136.1 was not unreasonable. The state appellate court correctly analyzed Petitioner's ineffective assistance of counsel claim for both objective reasonableness and prejudice to Petitioner in accordance with Strickland and Yarborough. As a result, the California Court of Appeal's decision was neither contrary to nor an unreasonable application of clearly established federal law. See 28 U.S.C. § 2254(d)(1). The Court, therefore, DENIES Petitioner's claim of ineffective assistance of counsel based on counsel's interpretation of section 136.1.

### III.  Ineffective Assistance of Trial Counsel Based on the Battery Charge

Petitioner also claims he received ineffective assistance of counsel because his trial counsel elicited potentially inculpatory evidence and did not move for acquittal as to the battery charge following the prosecution's case. (Doc. No. 1-1 at 14.) Respondent argues that the Court should deny this claim on the merits. (Doc. No. 16-1 at 13.) Alternatively, Respondent contends that this claim is procedurally defaulted because Petitioner never appealed it to the California Supreme Court. (Id.)[2]

The Court will review the California Court of Appeal's opinion denying Petitioner's ineffective assistance of counsel claim to determine whether it was contrary to, or involved an unreasonable application of, clearly established federal law. See 28 U.S.C. 2254(d)(1).

Petitioner contends he received ineffective assistance of counsel because his trial

---

[2] Since Petitioner's claim of ineffective assistance of counsel fails on the merits, the Court declines to address the procedural default.

1  counsel elicited a hearsay statement by Petitioner that referred to the battery victim as "my
2  girl" and because counsel failed to move for acquittal of the battery charge. (Doc. No. 1-1 at
3  14-17.) Specifically, Petitioner asserts that on direct examination, a witness testified that
4  Petitioner had told him to "mind his own business" without describing Petitioner's relationship
5  to the victim. (Id. at 14.) When Petitioner's counsel cross-examined the witness, counsel asked
6  what Petitioner said in regard to "minding his own business." (Id.) The witness responded that
7  Petitioner said, "It's none of your business what I do with my girl." (Id.)

8  The California Court of Appeal denied this claim for ineffective assistance of counsel
9  because it conclude that the question posed "was not one a reasonably competent counsel
10 would have known would elicit an incriminating response." (Lodgment 6 at 25.) It also held
11 that Petitioner could not show prejudice because in light of the other evidence, there was no
12 reasonable probability that absent the question the jury would have reached a different result.
13 (Id. at 26.) The court concluded that the jury could have reasonably inferred a dating
14 relationship between Petitioner and the victim from the officer's testimony and from "the
15 circumstances surrounding the incident, including the time of morning, the emotions involved,
16 and [Petitioner]'s statements to [the witness] during the incident about minding his own
17 business." (Id.)

18 Based on the record, the Court concludes that the California Court of Appeal's
19 conclusion that Petitioner failed to demonstrate he received ineffective assistance of counsel
20 regarding the battery charge was not unreasonable. The record shows substantial other
21 admitted evidence upon which the jury could conclude that Petitioner and the victim were in
22 a dating relationship. (Lodgment 6 at 12-16.) The Court concludes that the California Court
23 of Appeal's decision is not contrary to, or an unreasonable application of clearly established
24 federal law. See 28 U.S.C. § 2254(d); see also Yarborough, 540 U.S. at 5; Bell, 535 U.S. at
25 694. Accordingly, the Court DENIES Petitioner's claim of ineffective assistance of counsel
26 regarding the battery charge.
27 ///
28 ///

**Conclusion**

For the reasons stated above, the Court **ADOPTS** the R&R, **DENIES** the Petition, and **DENIES** a Certificate of Appealability.

**IT IS SO ORDERED.**

DATED: April 1, 2010

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

COPIES TO:
All parties of record.